**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Criminal Action No. 22-cv-007 (TSC) |
| | ) |
| **THOMAS UBERTO**, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Defendant Thomas Uberto has been charged by Information with four counts of criminal conduct arising from the riots at the U.S. Capitol on January 6, 2021. ECF No. 6. He moves for a written Rule 5(f) Order. ECF No. 15, Def. Mot. For reasons explained below, Defendant's motion is DENIED as moot.

Federal Rule of Criminal Procedure 5(f)(1) requires that during a defendant's initial appearance in every criminal case:

> [T]he judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law.

Fed. R. Crim. P. 5(f)(1). The rule further provides that "[e]ach judicial council in which a district court is located shall promulgate a model order for the purpose of paragraph (1) that the court may use as it determines is appropriate." *Id.* at 5(f)(2).

On January 13, 2021, Defendant had his arraignment, detention hearing, and initial appearance before Magistrate Judge Harvey. Following the hearing, Magistrate Judge Harvey issued a Minute Order stating:

> As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings.

Min. Order (Jan. 13, 2022).

Defendant does not dispute that during his initial appearance, Magistrate Judge Harvey issued an oral order that complied with the requirements of Rule 5(f).  Instead, Defendant argues that Magistrate Judge Harvey's Minute Order does not comply with the portion of Rule 5(f) requiring a "written order" because the Minute Order "says nothing about 'favorable' information."  Def. Mot. at 1.  Defendant attaches a proposed Rule 5(f) order "copied directly from a form routinely used by the United States District Court in the Southern District of New York."  *Id.* at 2.

The government opposes Defendant's motion on the grounds that Magistrate Judge Harvey's Minute Order is sufficient.  The court agrees.  However, just so there is no uncertainty, and in the event that defense counsel is unfamiliar with our Local Rules, the court confirms that the government's disclosure obligations extend to all information "favorable to an accused" that is "material either to guilt or to punishment" under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and that is known to the government.

The parties are further reminded of their obligations to know and comply with this court's local rules,[1] including Local Criminal Rule 5.1, which pertains to disclosure obligations:

> (a) Unless the parties otherwise agree and where not prohibited by law, the government shall disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" under Brady v. Maryland, 373 U.S. 83, 87 (1963), and that is known to the government. This requirement applies regardless of whether the information would itself constitute admissible evidence. The information, furthermore, shall be produced in a reasonably usable form unless that is impracticable; in such a circumstance, it shall be made available to the

---

[1] Defense counsel's familiarity with rules and procedures "routinely used by the United States District Court in the Southern District of New York," Def. Mot., is unavailing in this jurisdiction.

defense for inspection and copying. Beginning at the defendant's arraignment and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose such information to the defense as soon as reasonably possible after its existence is known, so as to enable the defense to make effective use of the disclosed information in the preparation of its case.

(b) The information to be disclosed under (a) includes, but is not limited to:

> (1) Information that is inconsistent with or tends to negate the defendant's guilt as to any element, including identification, of the offense(s) with which the defendant is charged;

> (2) Information that tends to mitigate the charged offense(s) or reduce the potential penalty;

> (3) Information that tends to establish an articulated and legally cognizable defense theory or recognized affirmative defense to the offense(s) with which the defendant is charged;

> (4) Information that casts doubt on the credibility or accuracy of any evidence, including witness testimony, the government anticipates using in its case-in-chief at trial; and

> (5) Impeachment information, which includes but is not limited to: (i) information regarding whether any promise, reward, or inducement has been given by the government to any witness it anticipates calling in its case-in-chief; and (ii) information that identifies all pending criminal cases against, and all criminal convictions of, any such witness.

(c) As impeachment information described in (b)(5) and witness-credibility information described in (b)(4) are dependent on which witnesses the government intends to call at trial, this rule does not require the government to disclose such information before a trial date is set.

(d) In the event the government believes that a disclosure under this rule would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of the requirements of this rule, which may include in camera review and/or withholding or subjecting to a protective order all or part of the information.

(e) For purposes of this rule, the government includes federal, state, and local law-enforcement officers and other government officials who have participated in the investigation and prosecution of the offense(s) with which the defendant is charged. The government has an obligation to seek from these sources all information subject to disclosure under this Rule.

(f) The Court may set specific timelines for disclosure of any information encompassed by this rule.

(g) If the government fails to comply with this rule, the Court, in addition to ordering production of the information, may:

      (1) specify the terms and conditions of such production;

      (2) grant a continuance;

      (3) impose evidentiary sanctions; or

      (4) enter any other order that is just under the circumstances.

Date:  January 26, 2022

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge